**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN LEE, on behalf of himself, individually, and on behalf of all others similarly situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **Case No. 19-cv-8351** |
| **v.** | ) ) ) | |
| **EFINANCIAL LLC,** | ) ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) ) | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

John Lee ("Lee" or "Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, hereby makes the following allegations against eFinancial LLC ("eFinancial" or "Defendant"), upon personal knowledge as to himself and his own acts, and as for all other matters, upon information and belief, and based upon the investigation made by his counsel, as follows:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action to redress Defendant's systematic, companywide violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105, *et seq.*, by knowingly failing to pay Plaintiff and other similarly situated inside sales representatives all earned overtime compensation due and for other relief. Specifically, Defendants violated the FLSA and IMWL by failing to include commissions in calculating the overtime rate paid to inside sales representatives.

1

2.      Plaintiff brings his FLSA claims on a collective basis pursuant to 29 U.S.C. § 216(b) for all individuals who worked as inside sales representatives for eFinancial at any point during the maximum limitations period (the "FLSA Collective").

3.      Plaintiff brings his IMWL claims as a class pursuant to Fed. R. Civ. P. 23 for all individuals who worked as inside sales representatives for eFinancial in Illinois at any point during the maximum limitations period (the "Illinois Class").

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that claims under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

5.      This Court has federal question jurisdiction over this action pursuant to 29 U.S.C. § 1331.

6.      This Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367 because these claims arise from the same occurrence or transaction as Plaintiff's FLSA claims and are so related to the FLSA claims as to form part of the same case or controversy.

7.      Venue in this judicial District is proper under 28 U.S.C. § 1391(b)(2) because Plaintiff Lee resides in this District, Plaintiff Lee worked for Defendant in this District, Defendant does business within this District, Defendant is alleged to have engaged in the wrongful conduct at issue in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred within this District.

## PARTIES

8.      Plaintiff John Lee is a resident of Illinois. Plaintiff Lee was employed by Defendant as a Senior Account Executive at Defendant's call center located in Chicago, Illinois from

December 2017 until October 23, 2019. At all relevant times, Plaintiff Lee was an "employee" as defined by the FLSA, 29 U.S.C. § 203, and the IMWL, 820 ILCS § 105/3(d).

9.      Plaintiff Lee has consented in writing to be part of this action pursuant to 29 U.S.C. §216(b) of the FLSA. *See* Consent Form (Exhibit A).

10.     eFinancial is a Washington State corporation with a Chicago call center located at 8700 W Bryn Mawr Ave. At all relevant times, eFinancial employed inside sales representatives at its two call centers located in the states of Washington and Illinois.

## FACTUAL ALLEGATIONS

11.     This action arises out of Defendant's systematic, company-wide failure to timely pay Plaintiff and other similarly-situated inside sales representatives proper overtime compensation as required by the FLSA and IMWL. Specifically, Defendant violated the FLSA and IMWL by failing to include commissions in calculating the overtime rate paid to inside sales representatives.

12.     At all relevant times, Plaintiff's primary job duties, and those of other inside sales representatives employed by Defendants, were to take phone calls from customers, consult them on life insurance policies, and assist them in applying for insurance plans.

13.     At all relevant times, Defendant maintained a uniform corporate policy and practice of paying inside sales representatives a base hourly rate of pay plus sales commission. Plaintiff's hourly rate as a Senior Account Executive was $14.42.

14.     Defendant classified inside sales representatives, including Plaintiff, as non-exempt and eligible for overtime pay for hours worked in excess of forty in given workweeks.

15.     Defendant required inside sales representatives to record their time worked by clocking in and out of its timekeeping system.

16.     Defendant paid inside sales representatives an overtime premium of 1 ½ times their base hourly rate of pay for hours worked in excess of forty recorded in its timekeeping system. Plaintiff's overtime rate as a Senior Account Executive was $21.63 per hour (1 ½ times $14.42).

17.     During weeks when inside sales representatives worked overtime and received commission pay, Defendant did not pay them the proper overtime wage of 1 ½ times their regular rate, which, under the FLSA and IMWL, must include the commission pay they earned. For example, during the pay period beginning on July 18, 2019 and ending on August 2, 2019, Plaintiff received $489.72 in commission pay and $106.64 in overtime pay for 4.93 hours worked over forty. Plaintiff's overtime pay rate of $21.63 per hour did not include the commission pay he earned, and thus Defendant failed to properly calculate his overtime pay.

18.     Defendant's failure to pay all earned overtime wages at the proper rate was not in good faith, was willful, and done with reckless disregard for the rights of Plaintiff and other inside sales representatives.

19.     As a result of Defendant's conduct, Plaintiff and other inside sales representatives have suffered damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiff seeks to proceed as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and the following collective:

> All individuals who worked for Defendant as inside sales representatives at any time from three (3) years prior to the filing of this action to the entry of judgment (the "FLSA Collective").

21.     Although Plaintiff and the FLSA Collective members may have worked in different job locations and titles, this action may be properly maintained as a collective action because, among other things:

a.      They worked under the same material terms and conditions of employment;

b.      They performed the same job duties taking phone calls from customers, consulting them on life insurance policies, and assisting them in applying for insurance plans;

c.      They received common training about their employment and the wage and hour policies and practices at issue here;

d.      They were governed by the same timekeeping policies, practices, and systems;

e.      They were governed by the same compensation policies, practices and systems;

f.      They were governed by the same policies, practices, and systems concerning work hours and the performance of their work; and

g.      They were governed by the same policies, practices, and systems concerning overtime hours and wages.

22.     The similarly situated putative plaintiffs are known to Defendant, are readily identifiable, and may be located through Defendant's records. They may be readily notified of this action, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime wages.

23.     Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiff and members of the FLSA Collective.

## ILLINOIS CLASS ACTION ALLEGATIONS

24.     Plaintiff also seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b), on behalf of himself and all other similarly situated individuals who worked for Defendants as inside sales representatives in Illinois at any point during the maximum limitations period.

25.     Plaintiff and other similarly situated inside sales representatives all worked under common employment policies, were subject to the same compensation scheme, and were subject to the same practices challenged in this action as described above.

### Class Definition

26.     Plaintiff seeks certification of a class consisting of the following individuals:

All individuals who worked for Defendant as inside sales representatives in Illinois at any time from three (3) years prior to the filing of this Action to the entry of judgment (hereinafter the "Illinois Class").[1]

### Numerosity

27.     Upon information and belief, dozens, if not hundreds of inside sales representatives were employed by Defendant in Illinois who were subject to the same practices challenged in this action as alleged above and not paid proper overtime compensation for all hours worked in excess of 40 in given workweeks. Accordingly, Plaintiff satisfies the numerosity requirement as the Illinois Class is so numerous that joinder of all members is impracticable.

28.     Members of the Illinois Class can be identified and located using eFinancial's payroll and personnel records. Members of the Illinois Class may be informed of the pendency of this action by direct mail, email, text message, and/or published and broadcast notice.

### Commonality

29.     There are questions of fact and law common to the Illinois Class members which predominate over questions affecting only individual members, if any. Plaintiff, the members of the Illinois Class, and Defendant have a commonality of interest in the subject matter and the remedy sought.

---

[1]     Plaintiff reserves the right to propose a different class definition or include sub-classes, if appropriate, after the completion of discovery. Under the IMWL, the statute of limitations is three years. 820 ILCS § 105/12.

6

30.     The questions of fact and law common to each class member and each of the respective classes arising from Defendant's actions include, but are not limited to, the following:

a.     Whether Defendant failed to include commissions in calculating the overtime rate paid to Illinois Class members in violation of the IMWL;

b.     Whether Defendant's failure to pay proper overtime compensation was willful, repeated, or with reckless disregard of the IMWL; and

c.     Whether Illinois Class members suffered damages and the proper measure of those damages.

31.     If individual actions were required to be brought by each member of the Illinois Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Court, the Illinois Class and to the Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Illinois Class is entitled.

## Typicality

32.     Plaintiff's claims are typical of the claims of the Illinois Class members he seeks to represent. As a result of Defendant's unlawful conduct, Plaintiff suffered similar injuries as those suffered by other members of the Illinois Class.

33.     Upon information and belief, there are no other Illinois Class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such Illinois Class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

## Adequacy

34.     Plaintiff is an adequate representative of the Illinois Class he seeks to represent because he is a member of the Illinois Class, and his interests do not conflict with the interests of

7

the other members of the Illinois Class. The interests of each Illinois Class member will be fairly and adequately protected by Plaintiff and his undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

## **Predominance and Superiority**

35. The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members.

36. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

37. Moreover, as the damages suffered by each Illinois Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for each Illinois Class member to bring individual claims.

38. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of each Illinois Class member to protect his or her interests.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, ET SEQ.
## FAILURE TO PAY OVERTIME WAGES

39. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

40.     Defendant is an "Employer" as defined by 29 U.S.C. § 203(d).

41.     Defendant was, and is, subject to the overtime pay requirements of the FLSA because it is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

42.     Upon information and belief, the gross annual volume of sales made or business done by Defendant for the years 2016 to the present has not been less than $500,000.00 each year.

43.     Plaintiff and the FLSA Collective are "Employees" as defined by 29 U.S.C. § 203(e)(1).

44.     The wages Defendant paid to Plaintiff and FLSA Collective members are "Wages" as defined by 29 U.S.C. § 203(m).

45.     At all relevant times, Plaintiff and members of the FLSA Collective have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

46.     Section 207(a)(1) of the FLSA states that an employer must pay its employees overtime equal to at least one- and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 in any given workweek.

47.     By the above-alleged conduct, Defendant has violated the FLSA by failing to pay Plaintiff and members of the FLSA Collective overtime compensation as required by the FLSA.

48.     Section 213 of the FLSA exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA. However, none of the Section 213 exemptions apply to the Plaintiff or the members of the FLSA Collective because they have not met the requirements for coverage under the exemptions.

49.     Plaintiff and members of the FLSA Collective are victims of a uniform company-wide compensation policy that has deprived them of overtime wages in violation of the FLSA and thus are similarly-situated individuals within the meaning of 29 U.S.C. § 216(b).

50.     Defendant has acted willfully and has either known that its conduct violated the FLSA or has shown reckless disregard for the matter of whether its conduct violated the FLSA. Defendant has not acted in good faith with respect to the conduct alleged herein.

51.     As a direct and proximate result of Defendant's violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered harm and are entitled to recoup their unpaid wages in an amount to be determined at trial, along with an equal amount as liquidated damages and reasonable attorney's fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF ILLINOIS MINIMUM WAGE LAW**
**820 ILCS § 105, *et seq.***
**<u>FAILURE TO PAY OVERTIME WAGES</u>**

52.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

53.     Defendant is an "Employer" as defined by 820 ILCS § 105/3(c).

54.     Plaintiff and the members of the Illinois Class are "Employees" as defined by 820 ILCS § 105/3(d).

55.     The wages Defendant paid to Plaintiff and the members of the Illinois Class are "Wages" as defined by 820 ILCS § 105/3(b).

56.     Plaintiff and the Illinois Class meet the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

57.     The IMWL, 820 ILCS § 105/4(a), provides that, with certain exceptions not applicable here, employers must pay employees 1½ times their regular rate for all hours worked in excess of 40 per workweek.

58.     The IMWL, 820 ILCS § 105/12, provides that employers who violate the provisions of the act are liable to affected employees for unpaid wages, costs, attorneys' fees, treble damages, and 5% of the amount of any such underpayment for each month following the date of underpayments, and other appropriate relief.

59.     Defendant violated the IMWL, 820 ILCS § 105, by regularly and repeatedly failing to properly pay overtime wages to Plaintiff and the Illinois Class.

60.     Defendant willfully violated the IMWL and acted with reckless disregard of clearly applicable IMWL provisions by knowingly suffering or permitting Plaintiff and the Illinois Class to regularly work more than 40 hours per week without ensuring they were paid at the proper overtime premium rate for all hours in excess of 40 hours in accordance with Section 105/4(a) of the IMWL.

61.     As a direct and proximate result of Defendant's violations of the IMWL, Plaintiff and the members of the Illinois Class have suffered harm and are entitled to recoup their unpaid wages in an amount to be determined at trial, along with reasonable attorneys' fees, costs, treble damages, damages of 5% of the amount of any such underpayment for each month following the date the payment was due and other appropriate relief, pursuant to 820 ILCS § 105/12.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff John Lee, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against Defendant and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely

compensate Plaintiff and all others similarly situated for the nature, extent and duration of the

damages, the costs of this action, and as follows:

A.     Approve this matter to proceed as a collective action with respect to Count I;

B.     Order Defendant to furnish to counsel a list of all names, telephone numbers, home addresses and email addresses of all FLSA Collective members who have worked for Defendant within the last three years;

C.     Authorize Plaintiff's counsel to issue a notice at the earliest possible time to all FLSA Collective members who have worked for Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they worked in excess of forty (40) hours in a week during the liability period, for which they were not paid proper overtime in accordance with the FLSA and IMWL.

D.     Certify this matter class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure and certify the Illinois Class as set forth above, with respect to Count II;

E.     Appoint Stephan Zouras, LLP to serve as class counsel;

F.     Award judgment in favor of Plaintiff and against Defendant for an amount equal to Plaintiff's and the FLSA Collective members' unpaid overtime compensation;

G.     Award judgment in favor of Plaintiff and against Defendant for an amount equal to Plaintiff's and the Illinois Class Members' unpaid overtime compensation;

H.     Declare that Defendant's violations of the FLSA were willful;

I.     Award Plaintiff and the members of the FLSA Collective and Illinois Class compensatory damages, including all overtime compensation owed, in an amount according to proof;

J.     Award Plaintiff and the members of the FLSA Collective liquidated damages in an amount equal to the amount of unpaid overtime found due in accordance with the FLSA;

K.     Award Plaintiff and the members of the Illinois Class treble damages in accordance with the IMWL;

L.      Award Plaintiff and the members of the Illinois class 5% of all wages due for each month accruing from the date such amounts were due until they are paid in accordance with the IMWL;

M.      Award prejudgment interest for the FLSA claims (to the extent that liquidated damages are not awarded);

N.      Award Plaintiff reasonable attorneys' fees and all costs of the collective action, to be paid by Defendant, in accordance with the FLSA and IMWL;

O.      Award pre- and post- judgment interest and court costs as further allowed by the law;

P.      Award a reasonable service award to the Plaintiff to compensate him for the time and effort spent protecting the interests of other inside sales representatives, and the risks he has undertaken;

Q.      Grant Plaintiff leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

R.      Grant Plaintiff leave to amend to add claims under applicable state and federal laws;

S.      Provide additional general and equitable relief to which Plaintiff and the Illinois Class may be entitled; and

T.      Provide further relief as the Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: December 20, 2019                    Respectfully Submitted,

                                            /s/ Teresa M. Becvar

                                            Teresa M. Becvar
                                            James B. Zouras
                                            Ryan F. Stephan
                                            Stephan Zouras, LLP
                                            100 N. Riverside Plaza, Suite 2150
                                            Chicago, Illinois 60606
                                            312-233-1550
                                            312-233-1560 f

tbecvar@stephanzouras.com
jzouras@stephanzouras.com
rstephan@stephanzouras.com

*Attorneys for the Plaintiff and the Putative Collective and Class*

## <u>CERTIFICATE OF SERVICE</u>

I, the attorney, hereby certify that on December 20, 2019, I filed the attached with the Clerk

of the Court using the ECF system, which will send such filing to all attorneys of record.

*s/ Teresa M. Becvar*